UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE JD DOE, individually and as Next Friend for minor children Janie Doe and Johnny Doe, her natural children, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19-cv-227-RLW |
| 22ND CIRCUIT COURT OF MISSOURI, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the submission of a civil complaint by plaintiff "Jane JD Doe," and a motion for leave to proceed in forma pauperis. Plaintiff states she purports to bring this civil action on behalf of herself and her minor children, Janie Doe and Johnny Doe. Upon consideration of the financial information provided in the motion, the Court finds that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standards

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff identifies herself using only a pseudonym, and states she is withholding identifying information to protect her anonymity. She states she intends to proceed individually and as next friend for her two minor children, whom she identifies using fictitious names.

Plaintiff states she brings this action pursuant to "Title III of the Americans with Disabilities Act" and 42 U.S.C. § 1983, and she indicates her claims involve her Fourth, Fifth,

2

and Fourteenth Amendment rights. She names as defendants the 22nd Judicial Circuit Court and four judges of that Court: Judges Michael Stelzer, Elizabeth Hogan, Theresa Counts-Burke, and Steven Ohmer. She also names "unidentified Baliffs, Clerks and employees of 22nd Circuit Court of Missouri." Condensed and summarized, her allegations are as follows.

From 2003 to the present, plaintiff has been subjected to a "longstanding and widespread pattern of intentional and systematic discrimination against her by Defendants" based upon her "disability and perception of having a disabling mental health condition." The defendants engaged in a pattern of conduct to deny plaintiff relief under the Adult Abuse Act, and failed to hold a meaningful hearing on her petition in order to protect the abuser. The "defendants acted in concert" to deny plaintiff due process, prevented her from filing appeals, altered court records, destroyed evidence of an abuser's admissions, and retaliated against her in various ways, including allowing her legal services attorney to withdraw. Plaintiff was divested of custody of her minor daughter and was placed under a court-supervised visitation order in November 2013, pursuant to which she could only see her daughter for 24 hours per year. This damaged all of the plaintiffs emotionally, and deprived them of free familial association. Plaintiff suffers from extreme anxiety and distrust of the 22nd Circuit Court judges, clerks and personnel. Plaintiff states that Judge Ohmer failed to honor an ADA accommodation, but she fails to state what that accommodation was or how Judge Ohmer's failure to honor it resulted in harm. Plaintiff states, without explanation, that she continues to be denied access to public accommodation and services. She seeks injunctive relief, "a stay of the underlying state court proceedings while this federal case is pending," attorney's fees, and monetary damages.

## Discussion

Generally, Rule 10(a) of the Federal Rules of Civil Procedure requires parties to identify themselves in their pleadings. Here, plaintiff has neither identified herself, nor provided the Court with grounds for allowing her to proceed anonymously. However, the Court determines that it would be futile to direct plaintiff to provide grounds why she should be allowed to proceed anonymously, as her complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

First, plaintiff purports to bring this action on behalf of herself and her minor children. However, she is proceeding pro se, and she alleges nothing from which this Court can conclude that she is a licensed attorney. While federal law authorizes plaintiff to plead and conduct her own case personally, 28 U.S.C. § 1654, this right does not extend to representation of her children. *See Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *see also Lawson v. Edwardsburg Public School*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, see 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child."). As a result, any claims plaintiff seeks to bring on behalf of her children are not properly before this Court. The Court will now address the claims plaintiff purports to bring on her own behalf.

Among the defendants plaintiff names are "unidentified Baliffs, Clerks and employees of 22nd Circuit Court of Missouri." Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific

4

allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has failed to make specific allegations as to the fictitious defendants such that their identities could be ascertained after reasonable discovery. Additionally, the fictitious defendants are not only unidentified, they are indeterminate in number. This is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). Therefore, this action may not proceed as to the "unidentified Baliffs, Clerks and employees of 22nd Circuit Court of Missouri."

To the extent plaintiff purports to bring claims pursuant to 42 U.S.C. § 1983, such claims fail. First, plaintiff's allegations are wholly conclusory, and she fails to allege facts showing how each defendant was causally linked to, and directly responsible for, the alleged deprivations of her rights. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights").

Additionally, the named defendants are immune from suit. A Missouri court cannot be sued under § 1983 because it is protected by Eleventh Amendment immunity. *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). The remaining defendants are judges of the 22nd Judicial Circuit Court of Missouri. Judges are absolutely immune from civil lawsuits based on alleged judicial misconduct. *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*,

386 U.S. 547 (1967)). This judicial immunity is subject to two exceptions: (1) when a judge does not act within his or her judicial capacity, or (2) when a judge takes judicial action in the absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12.

Here, plaintiff's allegations clearly arise from situations in which she dealt with the judge defendants in their judicial capacities. It is also clear that plaintiff is alleging that the judge defendants made decisions or otherwise took judicial action in court cases, and that plaintiff believes this violated her rights and the rights of her children. Additionally, it appears that all of the judge defendants were Circuit Judges or Associate Circuit Judges in the 22nd Judicial Circuit Court, and therefore took judicial action pursuant to the jurisdiction granted by the Missouri Constitution. *See* Mo. Const. art V. Because the judge defendants' allegedly wrongful acts were done within their judicial capacities and with proper jurisdiction, they are absolutely immune from suit under 42 U.S.C. § 1983. Finally, to the extent plaintiff attempts to bring § 1983 claims that accrued more than five years ago, such claims are time-barred. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (Missouri's statute of limitations for personal injury actions applied to plaintiff's § 1983 claims). Missouri's statute of limitations for personal injury actions is five years. Rev. Mo. Stat. § 516.120.

Plaintiff states she also intends to bring claims under the ADA.[1] In order to state a claim under Title II of the ADA, plaintiff must allege that (1) she is a qualified individual with a

---

[1] More specifically, plaintiff states she intends to proceed pursuant to Title III of the ADA. However, Title III provides no basis for relief in this case. *See DeBord v. Board of Educ. of Ferguson-Florissant School Dist.*, 126 F.3d 1102, 1106 (8th Cir. 1997) (citations omitted) (Title III applies to private entities providing public accommodations, not to public entities). Liberally construing plaintiff's complaint, the

6

disability; (2) she was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or was otherwise subjected to discrimination by a public entity; and (3) such exclusion, denial of benefits, or other discrimination was by reason of her disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)).

Even assuming plaintiff is a qualified individual with a disability, her allegations do not state a viable ADA claim. First, plaintiff's allegations focus upon being denied relief she sought in court and being subjected to adverse court decisions, not upon being excluded or denied any benefits of a public entity, or being subjected to discrimination by a public entity, by reason of her disability. Although plaintiff states that Judge Ohmer failed to honor an unidentified accommodation, she fails to explain how such failure resulted in any exclusion, denial of benefits, or discrimination on the basis of disability. Additionally, any attempt by plaintiff to bring an ADA claim against Judge Ohmer or any other individual defendant is unavailing, as individuals cannot be held liable under the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir.1999) (en banc). Also, as noted above with respect to plaintiff's § 1983 claims, plaintiff's allegations are wholly conclusory, and not entitled to the presumption of truth. *See Wiles*, 280 F.3d at 870. Finally, to the extent plaintiff attempts to bring ADA claims that accrued more than five years ago, such claims are time-barred. The Eighth Circuit has held that the relevant state statute of limitations for personal injury actions applies to claims brought under the ADA. *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir. 2003). As noted above, Missouri's personal injury statute of limitations is five years. Mo. Rev. Stat. § 516.120.

Accordingly, for all of the foregoing reasons,

---

Court presumes that plaintiff intends to proceed pursuant to Title II of the ADA, which applies to public entities.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of April, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE